United States Court of Appeals,

Fifth Circuit.

No. 93-2154.

Martin A. KAPLAN, et al., Plaintiffs-Appellants,

v.

UTILICORP UNITED, INC., et al., Defendants-Appellees.

Dec. 20, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before GOLDBERG, JONES and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

BACKGROUND

Martin and Selma Kaplan and Stanley Heineman, claiming to represent a class of persons who purchased Utilicorp United, Inc. ("Utilicorp") stock, filed this securities fraud case. The following were named as defendants: Utilicorp; Richard Green ("Green"), Chairman of the Board, President, and Chief Executive Officer of Utilicorp; Aquila Energy Corporation ("Aquila Energy"), a wholly owned subsidiary of Utilicorp; Aquila Energy Resources Corporation ("Aquila"), a wholly owned subsidiary of Aquila Energy; Marc Petersen ("Petersen"), President of Aquila; and Richard Stegall ("Stegall") and Vincent Marquez, Jr. ("Marquez"), two former Vice-Presidents of Aquila.

The facts of the case are simple. Stegall and Marquez, misappropriated millions of dollars from Aquila, a second-tier subsidiary of Utilicorp. The plaintiffs complain that Utilicorp commenced an investigation into the activities of Marquez and Stegall in January 1992, but did not publicly announce the material misappropriation until after the investigation had been concluded in June 1992. The plaintiffs contend that because the misappropriation at Aquila was not disclosed until June, certain Utilicorp financial statements were misleading.

The complaint contains three counts of securities fraud. The first count alleges that all defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Act") and Rule 10b-5 promulgated thereunder. The second count is brought against defendant Green for violation of

Section 20(a) of the Act. The last count is brought against all of the defendants for common-law fraud and deceit.

The district court dismissed counts one and two with prejudice for failure to state a claim upon which relief could be granted. Having dismissed the federal claims, the court dismissed the pendent state law claims without prejudice. The court also denied as moot the plaintiffs' motion for certification of the class.

The plaintiffs appealed the district court's dismissal of their federal claims. After the appeal was filed, Martin and Selma Kaplan withdrew as named plaintiffs. At oral argument, counsel for Utilicorp argued that Stanley Heineman, the only remaining named plaintiff, lacked standing to bring this suit.

## DISCUSSION

Because there was no class certification, we treat this case as one brought by the named plaintiffs individually, not as members of a class. *Pharo v. Smith,* 621 F.2d 656, 664 (5th Cir.1980).

### A. Section 10(b) and Rule 10b-5

1. Standing

Heineman's first complaint is that all of the defendants violated Section 10(b) and Rule 10b-5. Standing to bring a private damages action under Section 10(b) and Rule 10b-5 is limited to persons who are defrauded in connection with the purchase or sale of securities. *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 732, 95 S.Ct. 1917, 1923, 44 L.Ed.2d 539 (1975). This limitation is satisfied by showing "a nexus between the defendant's actions and plaintiff's purchase or sale." *First Va. Bankshares v. Benson,* 559 F.2d 1307, 1315 (5th Cir.1977), *cert. denied,* 435 U.S. 952, 98 S.Ct. 1580, 55 L.Ed.2d 802 (1978).

There is no nexus between the alleged actions of defendants Utilicorp, Aquila Energy, Aquila, and Green and plaintiff Heineman because Heineman purchased stock before the alleged fraud began. Heineman purchased his Utilicorp stock on December 27, 1991. Utilicorp, Aquila, Aquila Energy, and Green could not have committed fraud by failing to disclose the misappropriations until after they became aware of them. According to Heineman's allegations Utilicorp, Aquila, Aquila Energy, and

Green became aware of material misappropriations in January 1992.[1]  Although the misappropriations began before Heineman purchased his stock, the knowledge and actions of employees acting adversely to the corporate employer cannot be imputed to the corporation.  *See, e.g. Southern Farm Bureau Casualty Ins. Co. v. Allen,* 388 F.2d 126, 131 (5th Cir.1967); *Crisp v. Southwest Bancshares Leasing  Co.,* 586 S.W.2d 610 (Tex.Civ.App.—Amarillo 1979, writ ref'd n.r.e.).   Therefore, Heineman has no standing to sue Utilicorp, Aquila, Aquila Energy, or Green.  We need not address Heineman's arguments on appeal regarding these defendants.

2. Dismissal for failure to state a claim

The district court properly concluded that the Section 10(b) claim against Petersen, Marquez, and Stegall[2] must be dismissed for failure to state a claim upon which relief could be granted.  To bring a successful cause of action, Heineman must prove, among other things, that the defendants misstated or failed to state a material fact.  Petersen, Marquez, and Stegall could not be held liable for making false statements to Heineman because they were not responsible for the Utilicorp financial statements, which are the subject of this action.

Furthermore, they can not be held liable for failing to state a material fact.  Liability under Rule 10b-5 for nondisclosure arises if there is a duty to speak.  *See, e.g., First Va. Bankshares,* 559 F.2d at 1314.  In determining whether there is such a duty, we consider the following factors:  (1) the relationship between the plaintiff and defendant;  (2) the defendant's access to the information to be disclosed;  (3) the benefit derived by the defendant from the purchase or sale;  (4) defendant's awareness of plaintiff's reliance on defendant in making its investment decisions;  and (5) the defendant's role in initiating the purchase or sale.  *Id.*  After considering these factors, we find that the connection between the actions of the Aquila officers and the sale of Utilicorp stock is too remote to impose a duty to disclose.

---

[1]Heineman infers this awareness from the following facts:  (1) in January 1992, Utilicorp began an investigation into Marquez and Stegall's activities;  (2) in January 1992, Aquila fired Marquez; and (3) in February 1992, Aquila fired Stegall.

[2]These parties cannot be dismissed in the same manner as Utilicorp, Aquila, Aquila Energy, and Green because Marquez and Stegall began embezzling from Aquila before Heineman purchased his stock, and Heineman alleges that Petersen participated in the embezzlement.

B. Section 20

Heineman's next complaint is that defendant Green is liable as a "controlling person" under Section 20 of the Act. Because Heineman has no standing to bring a primary violation against any of the defendants as discussed above, Heineman has no standing to sue Green as a controlling person under Section 20.

CONCLUSION

For the foregoing reasons, the order of the district court is AFFIRMED.